1

2

3

4                   UNITED STATES DISTRICT COURT

5           FOR THE NORTHERN DISTRICT OF CALIFORNIA

6                        OAKLAND DIVISION

7

8    DALIA RASHDAN (MOHAMED),              Case No:  C 10-00634 SBA

9           Plaintiff,                     **ORDER GRANTING IN PART AND
                                           DENYING IN PART
10          vs.                            DEFENDANTS' MOTION TO
                                           DISMISS CORRECTED FIRST
11   MARC GEISSBERGER,                     AMENDED COMPLAINT**
     EUGENE LABARRE,
12   AI B. STREACKER,                      Docket 65
     FOROUD HAKIM,
13   NADER A. NADERSHAHI,
     PATRICK J. FERRILLO, JR.,
14   LEIGH ANDERSON,
     JEFF MILES,
15   DANIEL J. BENDER,
     LOLA GIUSTI,
16   CRAIG YARBOROUGH,
     DOES 1-50, AND
17   UNIVERSITY OF THE PACIFIC,

18          Defendants.

19

20        Plaintiff Dalia Rashdan (Mohamed), a former dental student of the Dugoni School of

21   Dentistry ("Dugoni School") at the University of the Pacific ("the University"), alleges that

22   various instructors and administrators discriminated against her on account of her national

23   origin (Egyptian).  The Court previously granted Defendants' motion to dismiss the claims

24   brought against the individual Defendants in the original Complaint, with leave to amend.

25   Plaintiff filed her Corrected First Amended Complaint on January 24, 2011.  Dkt. 63.

26        The parties are presently before the Court on the Defendants' Motion to Dismiss

27   Corrected First Amended Complaint and to Enter Final Judgment for the Individual

28   Defendants, pursuant to Federal Rule of Civil Procedure 12(b)(6).  Dkt. 65.  Having read

and considered the papers submitted and the record in this action, and being fully informed, the Court hereby GRANTS IN PART and DENIES IN PART the motion to dismiss, for the reasons that follow.  Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court adjudicates the instant motion without oral argument.

I.    **BACKGROUND**

  A.    FACTUAL SUMMARY

The parties are familiar with the facts of this case, which the Court discussed in detail in its prior order.  Rashdan v. Geissberger, No. C 10-00637 SBA, 2011 WL 197957 (N.D. Cal. Jan. 14, 2011), Dkt. 60.  In short, Plaintiff was a full-time dental student at the Dugoni School from 2007 to 2009.  While there, she allegedly became the subject of discriminatory treatment, principally by Professor Marc Geissberger, D.D.S., Chair of the Department of Restorative Dentistry.[1]  The instant conflict apparently began after Plaintiff was unable to adequately treat a patient at the Dugoni School's dental clinic, allegedly prompting Geissberger to remark that Plaintiff was engaging in "Third World Dentistry."  Corrected First Am. Compl. ("FAC") ¶ 29.  As a foreign dentist and international dentist, Plaintiff was offended by his remark.  Id.

Thereafter, Geissberger allegedly conspired with the other individual Defendants to ensure Plaintiff's academic failure.  Among other things, Plaintiff accuses Geissberger and others of intentionally causing the alteration of her transcripts to incorrectly reflect that she had not taken or completed certain courses.  She also claims Geissberger was responsible for the decision by the Student Academic Performance and Promotions Committee ("SAPPC") on June 10, 2009, which voted 13-0 to recommend that Plaintiff not be certified for graduation.  Id. ¶¶ 73-82.  Though Plaintiff was allowed to continue at the Dugoni School as an extended student, she alleges that Geissberger and others intentionally made it difficult for her to successfully complete her extension program.  Id. ¶¶ 114-130.  Concluding that she had "no reasonable possibility of getting her D.D.S. degree from the

---

[1] For simplicity, the Court refers to Dr. Geissberger and the other individual Defendants by last name only.

1  Dugoni School," she submitted a "Request for Absence from School," which was accepted.

2  Id. ¶¶ 130-31.

3      **B.    PROCEDURAL HISTORY**

4          On February 12, 2010, Plaintiff filed the instant action alleging eleven claims for

5  relief for:  (1) conspiracy to violate her right to equal protection, in violation of 42 U.S.C

6  § 1985(3); (2) violation of Title VI of the Civil Rights Act of 1964 ("Title VI"), 42 U.S.C.

7  § 2000d; (3) violation of the Unruh Act, Cal. Civ. Code § 51; (4) breach of implied

8  contract; (5) breach of the implied covenant of good faith and fair dealing; (6) defamation;

9  (7) tortious interference with a contract or advantageous business relationship or

10 expectancy; (8) intentional infliction of emotional distress ("IIED"); (9) fraud;

11 (10) negligent misrepresentation; and (11) negligence.  As defendants, Plaintiff named Dr.

12 Geissberger and Dr. Ferrillo, as well as the University, Dr. Eugene LaBarre, Dr. Ai B.

13 Streacker, Dr. Foroud Hakim, Dr. Nader H. Nadershahi, Dr. Leigh Anderson, Dr. Jeff

14 Miles, Mr. Daniel J. Bender, Dr. Lola Giusti, and Dr. Craig Yarborough.  Plaintiff seeks

15 compensatory and punitive damages and injunctive relief.

16         Defendants moved to dismiss the claims against the individual Defendants; namely;

17 the first claim for conspiracy under § 1985(3), the second claim under Title VI, the sixth

18 claim for defamation, the seventh claim for tortious interference with contract, the eighth

19 claim for IIED and the eleventh claim for negligence.  Dkt. 10.  On January 14, 2010, the

20 Court issued its order granting Defendants' motion in its entirety.  Dkt. 60.  The Court

21 dismissed Plaintiff's seventh claim for tortious interference and eighth claim for IIED with

22 prejudice.  However, the Court granted Plaintiff leave to amend her claims under § 1985(3),

23 Title VI and for defamation, to correct the deficiencies set forth in the Court's ruling.  The

24 Court also granted Plaintiff leave to amend to substitute the University as a defendant in her

25 eleventh cause of action for negligence.  The Court warned that "[i]n the event Plaintiff

26 fails to file an amended complaint within [the specified] time-frame, the § 1985(3), Title

27 VI, defamation and negligence claims will be deemed dismissed with prejudice."  Rashdan,

28 2011 WL 197957, at *12.

On January 24, 2011, Plaintiff timely filed her First Amended Complaint, Dkt. 61, which she then replaced with a Corrected First Amended Complaint ("FAC") on the same day, Dkt. 63. Plaintiff did not amend her second claim under Title VI, but did purport to amend the first claim under § 1985(3), sixth claim for defamation and seventh claim for negligence.[2] Defendants now move to dismiss the first and sixth claims. In her opposition, Plaintiff does not oppose dismissal of her first claim, but challenges the dismissal of certain aspects of her sixth claim for defamation.

## II.   **LEGAL STANDARD**

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). If a complaint fails to satisfy Rule 8, it "must be dismissed" under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Id. The pleadings must "give the defendant fair notice of what . . . the claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

When considering a Rule 12(b)(6) motion, a court must take the allegations as true and construe them in the light most favorable to plaintiff. See Knievel v. ESPN, 393 F.3d 1068, 1072 (9th Cir. 2005). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, --- U.S. ---, 129 S. Ct. 1937, 1949-50 (2009). "While legal conclusions can provide the complaint's framework, they must be supported by factual

---

[2] Since Plaintiff did not amend her claim under Title VI, that claim is deemed dismissed with prejudice.

allegations." <u>Id.</u> at 1950.  Those facts must be sufficient to push the claims "across the line from conceivable to plausible[.]" <u>Id.</u> at 1951 (quoting <u>Twombly</u>, 550 U.S. at 557).  In the event dismissal is warranted, it is generally without prejudice, unless it is clear the complaint cannot be saved by any amendment.  <u>See</u> <u>Sparling v. Daou</u>, 411 F.3d 1006, 1013 (9th Cir. 2005); <u>Gompper v. VISX, Inc.</u>, 298 F.3d 893, 898 (9th Cir. 2002).

## III.   <u>DISCUSSION</u>

### A.   42 U.S.C. § 1985(3)

The Court previously dismissed Plaintiff's first claim under § 1985(3) based on her failure to allege facts sufficient to show state action.  <u>Rashdan v. Geissberger</u>, No. C 10-00637 SBA, 2011 WL 197957, at *7 (N.D. Cal. Jan. 14, 2011).  In her opposition to the instant motion to dismiss, Plaintiff "concedes that she did not plead state action in the [FAC]," and therefore, proposes that "the Court should GRANT Defendants' Motion to Dismiss the [FAC] as to the § 1985(3) claim without leave to amend."  Pl.'s Opp'n at 4, 10, 15.  At the same time, however, Plaintiff indicates that she intends to seek leave to amend her FAC "to include a § 1985(3) claim for conspiracy to deprive Plaintiff of her rights under 42 U.S.C. § 2000d et seq. and California Civil Code § 51," which allegedly obviates the need to show of state action.  <u>Id.</u> at 14-15.  To that end, Plaintiff has filed a motion for leave to amend, which is noticed for hearing on July 12, 2011.  Dkt. 70.  Therefore, in accordance with Plaintiff's agreement that her first claim, as pled, is subject to dismissal, the Court GRANTS Defendants' motion.  The Court will consider the viability of Plaintiff's alternate theory of liability under § 1985(3) upon adjudication of her motion for leave amend.  To expedite matters, the Court will accelerate the briefing schedule applicable to said motion, as set forth below.

### B.   DEFAMATION

The elements of a state law claim for defamation are (1) a publication that is (2) false, (3) defamatory, (4) unprivileged, and (5) has a natural tendency to injure or causes special damage.  Cal.Civ.Code §§ 45, 46; <u>Taus v. Loftus</u>, 40 Cal.4th 683, 720 (2007).  Plaintiff originally brought her defamation claim against Defendants Geissberger, Hakim,

Labarre, Ferrillo, Streacker, Anderson, Miles, Giusti and Bender.  In her FAC, Plaintiff has alleged her revised defamation claim only against Geissberger, Labarre and Giusti.

Although the FAC alleges several incidents as the bases for Plaintiff's defamation claim against these Defendants, Plaintiff now acknowledges in her opposition that certain of those allegations are infirm and are subject to dismissal.  Pl.'s Opp'n at 13-14 ("Plaintiff not having made defamatory statements of fact in the [FAC] regarding statements Defendants GEISSBERGER and LABARRE made to the SAPPC, the Court should GRANT their motion to dismiss as to allegations in ¶ 78 and ¶ 80 in the [FAC].").  However, Plaintiff contends that her defamation claim against Defendant Geissberger, Labarre and Giusti, as set forth in paragraphs 43-46 and 103 of the FAC, is viable and should not be dismissed.  Id. at 13.  The Court therefore focuses its analysis on the disputed aspects of Plaintiff's defamation claim.

## 1.     Statements Relating to Transcripts

Plaintiff's revised defamation claim against Geissberger, Labarre and Giusti alleges that they were involved in the alteration of her transcripts.  She alleges, on information and belief, that:

> 43.     …. Defendant BENDER altered her official transcript to indicate that she received the grade INC (incomplete) for RS 379 Clinical Restorative Dentistry IIII based on Defendant *GEISSBERGER's false statement of fact that she had not completed RS 379 Clinical Restorative Dentistry IIII*.
>
> 44.     …. Defendant BENDER altered her official transcript to indicate that she had not taken RP 396 Clinical Removable Prosthodontics based on Defendant *LABARRE's false statement of fact that she had not taken RP 396 Clinical Removable Prosthodontics*.
>
> 45.     …. Defendant BENDER altered her official transcript to indicate that she had not taken DP 317 Patient Management & Production III based on Defendant *GIUSTI's false statement of fact that she had not taken DP 317 Patient Management & Production III*.
>
> 46.     …. Defendant BENDER altered her official transcript to indicate that she had not taken DP 320 Preparation for State Licensure *based on a false statement of fact made by one or more DOES 1-50 that she had not taken DP 320 Preparation for State Licensure*.

FAC ¶¶ 43-46 (emphasis added).

Defendants contend that the foregoing allegations are deficient on the ground that they "fail to specify *any statement* by Dr. Geissberger, Dr. Labarre and/or Dr. Giusti made to Dr. Bender (or any third party) that caused Dr. Bender to make a change to the transcript." Defs.' Mot. at 12 (emphasis in original). This contention lacks merit. Where the defamation claim is based on slander, it is sufficient to allege "the substance of the defamatory statement." Okun v. Superior Court, 29 Cal.3d 442, 458 (1981).[3] Here, the allegedly false statement of fact by Defendants is that Plaintiff did not take or complete the dental course when, in fact, she had done so. In addition, the FAC alleges to whom the purportedly slanderous statements were made; to wit, Defendant Bender. This is sufficient to provide Defendants with fair notice of the basis of the claims being alleged against them. Twombly, 550 U.S. at 569-70.[4]

As an ancillary matter, Defendants contend that "[t]he Court has already rejected these very allegations on the ground that Plaintiff's allegations were entirely speculative, and not factual[.]" Defs.' Mot. at 12. Defendants misapprehend the Court's ruling. Though Plaintiff had made reference in her opposition to Defendants' earlier motion to dismiss as to Geissberger, Labarre and Giusti's allegedly false statements in connection with her transcripts, the Court noted that those allegations were *not* actually in the Complaint. Rashdan, 2011 WL 197597, at *9. As for the allegations that were, in fact, presented in the pleadings, the Court noted that Plaintiff had merely speculated "that either Bender altered the transcript or that Geissberger, Labarre and Giusti were somehow involved" and that "*[i]n the absence of any particular statements made by these individuals*, or any showing of publication of such statements to a third party, Plaintiff cannot proceed on her defamation claim ...." Id. (emphasis added). In her FAC, Plaintiff

---

[3] Although the Court applies federal law pleading standards in assessing the sufficiency of a pleading, the standard for dismissal in state court "is highly relevant." Church of Scientology of Calif. v. Flynn, 744 F.2d 694, 696 n.2 (9th Cir. 1984).

[4] Defendants also assert that Plaintiff must allege the time and place of the defamatory statement, but fail to cite any legal authority establishing that such facts must be pled under Rule 8.

has now expressly alleged that these Defendants falsely reported that Plaintiff either did not

take a particular course or had not completed it successfully.  As such, Plaintiff has

adequately alleged the substance of the allegedly defamatory statement for pleading

purposes.

### 2. Statements Regarding Plaintiff's Dental Work

In addition to the above, Plaintiff alleges that Giusti falsely informed Labarre that

Plaintiff received outside assistance in performing her last denture case when, in actuality,

she completed such work on her own.   This claim is set forth in Paragraph 103, which

avers:

> 103.   On June 15, 2009, Defendant GIUSTI told Plaintiff
> RASHDAN *that Defendant LABARRE had conveyed to*
> *Defendant GIUSTI* that Plaintiff RASHDAN's last complete
> denture case was not completed by her, but rather that the work
> was done "by an outside lab or [Plaintiff's] mother."
>
> Plaintiff RASHDAN did her last complete denture case
> by herself, and had not had the work done by an outside lab, nor
> by her mother.

FAC ¶¶ 43-46, 103 (emphasis added).

Defendants first argue that Plaintiff cannot predicate a defamation claim on a

statement communicated *to her*.  Defs.' Mot. at 13.  However, Defendants misinterpret

Plaintiff's allegations, which clearly allege that this claim is based on a statement allegedly

made *by Labarre to Giusti*.  Equally erroneous is Defendants' assertion that the statement at

issue is one of opinion as opposed to fact.  Plaintiff alleges that Labarre told Giusti that *she*

*did not personally complete her last denture case on her own*—which plainly is a statement

of fact, not opinion.  The Court concludes that Defendants' arguments for dismissing

Plaintiff's defamation claim, as set forth in Paragraphs 43-46 and 103 of the FAC are

unavailing.

**IV.    <u>CONCLUSION</u>**

For the reasons set forth above,

IT IS HEREBY ORDERED THAT:

1.    Defendants' Motion to Dismiss Corrected First Amended Complaint and to Enter Final Judgment for the Individual Defendants is GRANTED IN PART and DENIED IN PART, as set forth above.  The motion is GRANTED as to Plaintiff's first claim for violation of 42 U.S.C. § 1985(3) and sixth claim for defamation, insofar it is premised on statements made to the SPCC, and is DENIED in all other respects.

2.    To expedite resolution of Plaintiff's Motion for Leave to Amend (Dkt. 70), the Court revises the briefing schedule specified in Civil Local Rule 7-3 as follows:

a.    Any opposition to the motion, which shall be limited to seven (7) pages, shall be filed by no than <u>May 20, 2011</u>.  **The failure to timely file an opposition may be construed as a consent to the granting of the motion**.

b.    Any reply, which shall be limited to four (4) pages, shall be filed by no later than <u>May 27, 2011</u>.

c.    The Court, in its discretion, may decide the motion without oral argument, pursuant to Federal Rule of Civil Procedure 78(b), in which case no appearance for the motion will be necessary.  The parties are advised to check the Court's website to determine whether a court appearance is required.

3.    The Case Management Conference currently scheduled for May 10, 2011, is CONTINUED to **<u>May 19, 2011 at 2:30 p.m.</u>**  Prior to the date scheduled for the conference, the parties shall meet and confer and prepare an updated Joint Case Management Conference Statement.  The joint statement shall be filed no later than two (2) days prior to the conference and shall comply with the Standing Order for All Judges of the Northern District of California and the Standing Order of this Court.  **The updated statement <u>must</u> include the parties' suggestions for scheduling this case**.  Plaintiff shall be responsible for filing the statement as well as for arranging the conference call.  All

1  parties shall be on the line and shall call (510) 637-3559 at the above indicated date and

2  time.

3          4.      This Order terminates Docket 65.

4          IT IS SO ORDERED.

5  Dated: May 6, 2011                                    _____

6                                                         SAUNDRA BROWN ARMSTRONG
                                                          United States District Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28