1

2 UNITED STATES DISTRICT COURT

3 FOR THE NORTHERN DISTRICT OF CALIFORNIA

4 OAKLAND DIVISION

5

6 DALIA RASHDAN (MOHAMED),                    Case No:  C 10-00634 SBA

7        Plaintiff,                           **ORDER  GRANTING INDIVIDUAL DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST CLAIM OF THE SECOND AMENDED COMPLAINT**

8        vs.

9 MARC GEISSBERGER,
  EUGENE LABARRE,                             Dkt. 86
10 AI B. STREACKER,
   FOROUD HAKIM,
11 NADER A. NADERSHAHI,
   PATRICK J. FERRILLO, JR.,
12 LEIGH ANDERSON,
   JEFF MILES,
13 DANIEL J. BENDER,
   LOLA GIUSTI,
14 CRAIG YARBOROUGH,
   DOES 1-50, AND
15 UNIVERSITY OF THE PACIFIC,

16        Defendants.

17

18        Plaintiff Dalia Rashdan (Mohamed), a former dental student of the Dugoni School of

19 Dentistry ("Dugoni School") at the University of the Pacific ("the University"), alleges that

20 various instructors and administrators (collectively "Individual Defendants") discriminated

21 against her on account of her national origin (Egyptian).[1]  The parties are presently before

22 the Court on the Individual Defendants' Motion to Dismiss the First Claim of Plaintiff's

23 Second Amended Complaint ("SAC").  Dkt. 86.  Having read and considered the papers

24 _____

25        [1] The Individual Defendants are:  (1) Marc Geissberger, D.D.S., Chair of the Department of Restorative Dentistry; (2) Eugene Labarre, D.M.D., Chair of the Department of Removable Prosthodontics; (3) Ai B. Streacker, D.D.S., Instructor; (4) Foroud Hakim, D.D.S., Vice Chair of the Department of Restorative Dentistry; Nader A. Nadershahi, D.D.S., Associate Dean for Academic Affairs; (5) Patrick J. Ferrillo, Jr., Dean; (6) Leigh C. Anderson, D.D.S., Instructor; (7) Jeff Miles, D.D.S., Assistant Professor; (8) Daniel J. Bender, Assistant Professor; (9) Lola Giusti, D.D.S., Group Practice Administrator; and (10) Craig Yarborough, D.D.S, Executive Associate Dean.  SAC ¶¶ 6-16.

filed in connection with this matter and being fully informed, the Court hereby GRANTS the motion for the reasons set forth below, and DISMISSES Plaintiff's first claim for conspiracy under 42 U.S.C. § 1985(3) with prejudice.  The Court, in its discretion, finds this matter suitable for resolution without oral argument.  See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

## I.    BACKGROUND

### A.    FACTUAL SUMMARY

The parties are familiar with the facts of this case, which the Court discussed in detail in Rashdan v. Geissberger, No. C 10-00637 SBA, 2011 WL 197957 (N.D. Cal. Jan. 14, 2011), Dkt. 60.  In short, Plaintiff was a full-time dental student at the Dugoni School from 2007 to 2009.  While there, she allegedly became the subject of discriminatory treatment, principally by Dr. Geissberger.  The instant conflict apparently began after Plaintiff was unable to adequately treat a patient at the Dugoni School's dental clinic, allegedly prompting Geissberger to remark that Plaintiff was engaging in "Third World Dentistry."  SAC ¶ 29.  Thereafter, Plaintiff claims that Dr. Geissberger conspired with the other Individual Defendants to ensure her academic failure.  Id. ¶ 139.  Plaintiff was not allowed to graduate with her class, but was offered the opportunity to continue as an "extended" student.  Id. ¶¶ 86, 90.  However, the Individual Defendants purportedly made it difficult for her to successfully complete her extension program.  Id. ¶¶ 114-129.  Concluding that she had "no reasonable possibility of getting her D.D.S. degree from the Dugoni School," on December 9, 2009, she submitted a "Request for Absence from School," which was accepted.  Id. ¶¶ 130-31.

### B.    PROCEDURAL HISTORY

On February 12, 2010, Plaintiff filed the instant action alleging eleven claims for relief for:  (1) conspiracy to violate her right to equal protection, in violation of 42 U.S.C § 1985(3); (2) violation of Title VI of the Civil Rights Act of 1964 ("Title VI"), 42 U.S.C. § 2000d; (3) violation of the Unruh Act, Cal. Civ. Code § 51; (4) breach of implied contract; (5) breach of the implied covenant of good faith and fair dealing; (6) defamation;

(7) tortious interference with a contract or advantageous business relationship or expectancy; (8) intentional infliction of emotional distress ("IIED"); (9) fraud; (10) negligent misrepresentation; and (11) negligence.

Defendants moved to dismiss the claims brought against the Individual Defendants; namely; the first claim for conspiracy under § 1985(3), the second claim under Title VI, the sixth claim for defamation, the seventh claim for tortious interference with contract, the eighth claim for IIED and the eleventh claim for negligence. Dkt. 10. On January 14, 2010, the Court issued its order granting the motion in its entirety. Dkt. 60. The Court dismissed Plaintiff's claims for tortious interference with contract and IIED with prejudice. However, the Court granted Plaintiff leave to amend her claims under § 1985(3), Title VI and for defamation. The Court also granted Plaintiff leave to amend to substitute the University as a defendant in her eleventh cause of action for negligence.

On January 24, 2011, Plaintiff timely filed her First Amended Complaint, Dkt. 61, which she then replaced with a Corrected First Amended Complaint on the same day, Dkt. 63. Plaintiff did not amend her second claim under Title VI, but did purport to amend her claim for violation of § 1985(3), defamation and negligence. The Individual Defendants moved to dismiss the § 1985(3) and defamation claims. Dkt. 65. Plaintiff did not oppose dismissal of the § 1985(3) claim (which she planned to further amend), but challenged the dismissal of certain aspects of her sixth claim for defamation. Dkt. 68. On May 6, 2011, the Court issued its Order granting the motion to dismiss Plaintiff's first claim for violation of 42 U.S.C. § 1985(3) and sixth claim for defamation insofar as it was based on statements made to the Student Academic Performance and Promotions Committee. Dkt. 74.

In the meantime during the pendency of the second motion to dismiss, Plaintiff filed a motion for leave to amend the pleadings. Dkt. 70. The parties subsequently stipulated to the filing of a SAC, which the Court approved on May 13, 2011. Dkt. 76. On May 19, 2011, Plaintiff filed her SAC, which alleges nine claims for relief, for: (1) violation of § 1985(3) based on a conspiracy to deprive Plaintiff of her rights under the California Unruh Civil Rights Act ("Unruh Act"), California Civil Code § 51, et seq., and Title VI of

the Civil Rights Act of 1964 ("Title VI"), 42 U.S.C. § 2000d; (2) violation of  Title VI;
(3) violation of the Unruh Act; (4) breach of contract or implied contract; (5) breach of the
implied covenant of good faith and fair dealing; (6) defamation; (7) fraud; (8) negligent
misrepresentation; and (9) negligence.  The University filed an answer to the SAC on June
17, 2011.  The Individual Defendants, however, presently move to dismiss Plaintiff's first
claim for conspiracy under § 1985(3).  The motion has been fully briefed and is ripe for
adjudication.

## II.    LEGAL STANDARD

A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if the
plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support
a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.
1990).  In deciding a Rule 12(b)(6) motion, courts generally "consider only allegations
contained in the pleadings, exhibits attached to the complaint, and matters properly subject
to judicial notice."  Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007).  The court is
to "accept all factual allegations in the complaint as true and construe the pleadings in the
light most favorable to the nonmoving party."  Outdoor Media Group, Inc. v. City of
Beaumont, 506 F.3d 895, 899-900 (9th Cir. 2007).  The allegations must "give the
defendant fair notice of what the … claim is and the grounds upon which it rests."  Bell Atl.
Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations and citation omitted).
Where a complaint or claim is dismissed, leave to amend generally is granted, unless
further amendment would be futile.  Chaset v. Fleer/Skybox Int'l, 300 F.3d 1083, 1087-88
(9th Cir. 2002).

## III.   DISCUSSION

"Section 1985(3) provides no substantive rights itself; it merely provides a remedy
for violation of the rights it designates."  Great Am. Fed. Sav. & Loan Ass'n v. Novotny,
442 U.S. 366, 372 (1979).  To state a claim under section 1985, plaintiff must allege:
"(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person
or class of persons of the equal protection of the laws, or of equal privileges and immunities

under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." <u>Sever v. Alaska Pulp Corp.</u>, 978 F.2d 1529, 1536 (9th Cir. 1992) (citation omitted). In addition, the plaintiff must allege sufficient facts showing "a deprivation of a right motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' actions.'" <u>RK Ventures, Inc. v. City of Seattle</u>, 307 F.3d 1045, 1056 (9th Cir. 2002) (quoting <u>Sever</u>, 978 F.2d at 1536).

In her SAC, Plaintiff alleges that the Individual Defendants conspired to violate her rights under state law (the Unruh Act) and federal law (Title VI). SAC ¶ 138.[2] However, rights conferred under *state law* cannot form the basis of a §1985(3) claim because the "deprivation of *federal* constitutional rights is a necessary element" of such a claim. <u>Giannini v. Real</u>, 911 F.2d 354, 359 (9th Cir. 1990) (emphasis added); <u>accord</u> <u>Havas v. Thornton</u>, 609 F.2d 372, 374 (9th Cir. 1979). Plaintiff counters that in <u>Life Insurance Co. of North America v. Reichardt</u>, 591 F.2d 499, 505 (9th Cir. 1979), the Ninth Circuit held that violations of state law—including violations of the Unruh Act—may support a conspiracy claim under § 1985(3). However, subsequent to <u>Reichardt</u>, the Supreme Court rendered its decision in <u>Novotny</u>, which expressly recognized that § 1985(3) only provides "a civil cause of action when some otherwise *defined federal right*—to equal protection of the laws or equal privileges and immunities under the laws—is breached by a conspiracy." 442 U.S. at 376 (emphasis added). Moreover, in both <u>Giannini</u> and <u>Havas</u>, both of which post-date <u>Reichardt</u> as well as <u>Novotny</u>, the Ninth Circuit limited § 1985(3) claims to those based on violations of federal rights. Thus, <u>Reichardt</u> is inapposite. <u>See</u> <u>Miller v. Gammie</u>, 335 F.3d 889, 900 (9th Cir. 2003) (holding that district courts should not follow circuit court precedent where a subsequent Supreme Court decision has "undercut the theory or

---

[2] Plaintiff brings her first claim for conspiracy under 42 U.S.C. § 1985(3) against the Individual Defendants only. SAC § 142. The University is the sole party-defendant named in Plaintiff's second claim under Title VI and third claim under the Unruh Act. <u>Id.</u> ¶¶ 151, 160.

1  reasoning underlying the prior circuit precedent in such a way that the cases are clearly

2  irreconcilable.").

3        The remaining question is whether Plaintiff may state a claim for violation of

4  § 1985(3) based on an alleged conspiracy to violate her rights under Title VI.  Title VI

5  prescribes that "[n]o person in the United States shall, on the ground of race, color, or

6  national origin, be excluded from participation in, be denied the benefits of, or be subjected

7  to discrimination under any program or activity receiving Federal financial assistance."

8  42 U.S.C. § 2000d.  Only the recipient of the federal funds—in this case, the University—is

9  a proper defendant in a Title VI claim.  See Shotz v. City of Plantation, 344 F.3d 1161,

10 1169-70 (11th Cir. 2003) ("the text of Title VI also precludes liability against those who do

11 not receive federal funding, including individuals."); Santos v. Merritt College, No. C-07-

12 5227 EMC, 2008 WL 2622792, at *1 (N.D. Cal. July 1, 2008) (allowing Title VI claim to

13 proceed against the defendant college which allegedly received federal funds, and not its

14 employee.  Since the Individual Defendants cannot be held liable under Title VI, it would

15 be incongruous to expose them to liability for conspiring to violate its provisions.

16        As an alternative matter, Plaintiff fails to state a claim under § 1985(3) as a result of

17 her failure to adequately allege facts sufficient to establish a conspiracy by the Individual

18 Defendants to violate her federally-protected rights.  Conspiracy claims are subject to a

19 "heightened pleading standard."  See Harris v. Roderick, 126 F.3d 1189, 1195 (9th Cir.

20 1997).  "To state a claim for conspiracy to violate one's constitutional rights . . . , the

21 plaintiff must state specific facts to support the existence of the claimed conspiracy."

22 Burns v. Cty. of King, 883 F.2d 819, 821 (9th Cir. 1989).  To that end, a plaintiff must

23 allege facts with sufficient particularity to show "an agreement or 'meeting of the minds' to

24 violate constitutional rights."  Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001).  Though

25 "each participant in the conspiracy need not know the exact details of the plan, . . . each

26 participant must at least share the common objective of the conspiracy."  Id. (quotations and

27 citations omitted).

28

Here, Plaintiff cites numerous paragraphs of the SAC which she claims demonstrate a meeting of the minds. Pl.'s Opp'n at 9-15. However, these allegations merely show that the Individual Defendants communicated with one another at various points of time regarding Plaintiff. Even if some of these communications could be construed as inappropriate, Plaintiff has failed to allege any facts that the Individual Defendants reached an agreement or understanding to deprive Plaintiff of her education at the Dugoni School on account of her national origin. See Franklin, 312 F.3d at 441; see also Woodrum v. Woodward County, Okl., 866 F.2d 1121, 1126 (9th Cir. 1989) (affirming dismissal of conspiracy claim where plaintiff failed to allege facts establishing an agreement to deprive plaintiff of his constitutional rights).[3]

## IV.   **CONCLUSION**

The Court finds that Plaintiff has failed to state a claim for violation of 42 U.S.C. § 1985(3). Since further amendment to said claim is futile, the Court dismisses Plaintiff's first claim as to the Individual Defendants with prejudice. See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 n.3 (9th Cir. 1987) (noting that court's discretion in denying leave to amend is "especially broad" where the court has previously granted leave to amend the pleadings). Accordingly,

IT IS HEREBY ORDERED THAT:

1.      The Individual Defendants' motion to dismiss Plaintiff's first claim for violation of 42 U.S.C. § 1985(3) is GRANTED. Said claim is DISMISSED WITH PREJUDICE.

---

[3] The Individual Defendants also contend that Plaintiff cannot simultaneously bring a Title VI and a § 1985(3) claim based on a conspiracy to violate her rights under Title VI. There is no controlling Ninth Circuit authority and courts are split on this issue. Compare Boulahanis v. Board of Regents, 198 F.3d 633, 641 (7th Cir. 1999) ("[w]here Congress has set up an enforcement mechanism with full remedies, as it has with Title VI, that regulatory structure may not be bypassed by resort to laws of more general applicability like Section 1983 and Section 1985(3).") with Gensaw v. Del Norte County Unified Sch. Dist., No. C 07-3009 TEH, 2008 WL 1777668, at *9 (N.D. Cal. Apr. 18, 2008) ("[t]he better view is that Title VI does not preclude § 1983 equal protection claims based on the same facts."). Given the inherent infirmities of Plaintiff's first claim for relief, the Court need not reach this issue.

1        2.     The Individual Defendants shall file their answer to the SAC within fourteen

2    (14) days of the date this Order is filed.

3        3.     The hearing on the instant motion scheduled for November 7, 2011 is

4    VACATED.

5        4.     This Order terminates Docket 86.

6        IT IS SO ORDERED.

7    Dated: November 1, 2011

8                                  SAUNDRA BROWN ARMSTRONG
                                  United States District Judge