UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DALIA RASHDAN (MOHAMED),<br><br>    Plaintiff,<br><br>vs.<br><br>MARC GEISSBERGER,<br>EUGENE LABARRE,<br>AI B. STREACKER,<br>FOROUD HAKIM,<br>NADER A. NADERSHAHI,<br>PATRICK J. FERRILLO, JR.,<br>LEIGH ANDERSON,<br>JEFF MILES,<br>DANIEL J. BENDER,<br>LOLA GIUSTI,<br>CRAIG YARBOROUGH,<br>DOES 1-50, AND<br>UNIVERSITY OF THE PACIFIC,<br><br>    Defendants. | Case No: C 10-00634 SBA<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO AMEND THE PRETRIAL SCHEDULING ORDER AND TO CONTINUE TRIAL DATE AND ASSOCIATED DEADLINES**<br><br>Dkt. 108, 117 |

Plaintiff Dalia Rashdan (Mohamed), a former dental student of the Dugoni School of Dentistry ("Dugoni School") at the University of the Pacific ("the University"), alleges that the University and various Dugoni School faculty and administrators discriminated against her on account of her national origin (Egyptian). The parties are presently before the Court on Plaintiff's Motion to Amend the Pretrial Scheduling Order and to Continue Trial Date and Associated Deadlines. Dkt. 117. Having read and considered the papers submitted in connection with this matter, and being fully informed, the Court finds that Plaintiff has not been diligent and therefore DENIES the motion.

I. **BACKGROUND**

The parties are familiar with the facts of this case, which are summarized only briefly herein. From 2007 to 2009, Plaintiff was a full-time dental student at the Dugoni School. After unsuccessfully performing a procedure on a patient at the school's dental clinic, Defendant Dr. Marc Geissberger allegedly remarked that she was engaging in "Third World Dentistry." Plaintiff alleges that Dr. Geissberger then conspired with a host of other professors and administrators to ensure her academic failure. She ultimately left the Dugoni School in December 2009 without obtaining her dental degree.

On February 12, 2010, Plaintiff, through attorney Michael J. Deniro, filed the instant action against the University, as well as Dr. Geissberger and a host of Dugoni School faculty and administrators (collectively "Individual Defendants"), alleging eleven claims for relief based on federal and state law. On January 14, 2011, the Court granted the Individual Defendants' motion to dismiss. Dkt. 60. Plaintiff filed a First Amended Complaint on January 24, 2011. Dkt. 61, 63. The Individual Defendants then filed a motion to dismiss the amended complaint, which the Court granted in part and denied in part on May 9, 2011. Dkt. 74. Plaintiff filed an unopposed motion to file a Second Amended Complaint, which the Court granted. Dkt. 78.

On May 19, 2011, Plaintiff filed her Second Amended Complaint, which alleges nine claims for relief, for: (1) violation of § 1985(3) based on a conspiracy to deprive Plaintiff of her rights under the California Unruh Civil Rights Act ("Unruh Act"), California Civil Code § 51, et seq., and Title VI of the Civil Rights Act of 1964 ("Title VI"), 42 U.S.C. § 2000d; (2) violation of Title VI; (3) violation of the Unruh Act; (4) breach of contract or implied contract; (5) breach of the implied covenant of good faith and fair dealing; (6) defamation; (7) fraud; (8) negligent misrepresentation; and (9) negligence. The Court subsequently granted Defendants' motion to dismiss Plaintiff's first claim under § 1985(3). Dkt. 101.

The Court conducted a Case Management Conference on May 19, 2012. Dkt. 80, 81. Attorney Michael Deniro appeared for Plaintiff and Michael Vartain and Stacey Leask

- 2 -

appeared for Defendants.  Dkt. 80.  Consistent with the dates proposed by the parties in their Joint Case Management Statement, the Court set January 31, 2012 as the deadline for completion of fact discovery cut-off and expert disclosures, and March 27, 2012 as the expert discovery cut-off.  Dkt. 80, 81.  In addition, the Court scheduled the pretrial conference for June 5, 2012, and a jury trial for June 25, 2012.  Id.

Beginning on June 9, 2011, Plaintiff began serving Defendants with various written discovery requests and deposition notices.  Leask Decl. ¶ 26.  Between June and December 2011, Plaintiff served seven requests for production of documents, comprised of 302 individual document requests to which Defendants timely responded.  Id. ¶¶ 27-37.

On June 18, 2011, Plaintiff also served Defendants with a deposition notice pursuant to Federal Rule of Civil Procedure 30(b)(6).  Id. Ex. A.  Defendants initially proposed scheduling the Rule 30(b)(6) deposition in October 2011; however, Plaintiff responded that she preferred to take the deposition in mid-November 2011.  Id. Ex. C. Thereafter, Plaintiff continued to notice additional depositions of University faculty and staff.  Leask Decl. Exs. A, F, I, J, K and L.  Despite the last minute nature of the deposition notices, Defendants arranged their teaching and clinical schedules to accommodate the depositions between January 22, 2012 and January 31, 2012.  Id. Ex. K.  On January 20, 2012, however, Plaintiff abruptly cancelled all of the scheduled depositions.  Id. Ex. L.

On January 23, 2012, Mr. Deniro filed a request for leave to withdraw as Plaintiff's counsel of record.  Dkt. 106.  The Court granted his request on January 25, 2012.  Dkt. 107. On January 27, 2012, attorney Jay Jambek of the Leigh Law Group then filed a motion to amend the pretrial scheduling to extend all pretrial deadlines and the trial date by five months, along with a request for an order shortening time to hear said motion.  Dkt. 108, 112.[1]  On January 30, 2012, the Court denied Plaintiff's motion for an order shortening time as procedurally improper.  Dkt. 117.  On the same date, Plaintiff properly refiled her

---

[1] Plaintiff's new counsel did not file a substitution of counsel or a notice of appearance.  Counsel simply indicated in its motion to amend that they were now representing Plaintiff in Mr. Deniro's stead.

motion in accordance with Civil Local Rule 6-3.  Dkt. 117.  In her renewed motion, Plaintiff alleges that she needs additional time in order to obtain documents from Defendants, to retain experts and to take Defendants' depositions.  Defendants oppose Plaintiff's motion.

## II.     DISCUSSION

Federal Rule of Civil Procedure 16 provides that deadlines established in a case management order may "be modified only for good cause[.]"  Fed. R. Civ. P. 16(b)(4).  "Good cause" exists when a deadline "cannot reasonably be met despite the diligence of the party seeking the extension."  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) (citation omitted).   Thus, "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."  Id.; see also Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000).  "If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted."  Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson, 975 F.2d at 609).

Plaintiff contends that a five-month continuance of the trial date and all related pretrial deadlines is warranted because she needs to obtain additional documents from Defendants in order to proceed with the depositions cancelled by her prior counsel, and in order for her to retain a damages expert.  Pl.'s Mot. at 2-3.  Plaintiff asserts that "[she] should be afforded time to attempt to meet and confer and, if then necessary, to move to compel production of responsive documents."  Id. at 4.  In addition, Plaintiff contends "the fact that previous counsel failed to do so provides good cause for this Court to amend the scheduling order and continue the deadlines."  Id.  The Court is not persuaded that Plaintiff has shown good cause for the proposed modification of the Court's pretrial scheduling order.

As a threshold matter, Plaintiff neglects to *specifically identify* the documents she seeks or *why* those documents are necessary to proceed with the sixteen previously-scheduled depositions.  Indeed, to the extent that these documents are as critical as Plaintiff

- 4 -

now claims they are, her remedy was to file a motion to compel and obtain a court order requiring the production of those documents.  The docket shows that on September 6, 2011, Plaintiff filed motions to compel the production of documents as to Defendants Guisti, LaBarre and Geissberger, but that said motions were denied without prejudice by Magistrate Judge Nathanial Cousins on the same date for failure to meet and confer.  Dkt. 93-96.  Plaintiff never renewed her motions to compel, and instead, continued to notice additional depositions—only to cancel all sixteen of them only eleven days before the discovery cut-off.  Leask Decl. ¶ 19.  Having failed to avail herself of such remedy, Plaintiff cannot now legitimately claim that she acted diligently in conducting discovery in this action.  See Cotton v. City of Eureka, No. C 08-4386 SBA, 2010 WL 2382255, at *2 (N.D. Cal. June 10, 2010) (denying motion to extend discovery cut-off where defendant waited to the eleventh hour to seek to enforce subpoenas).

Equally without merit is Plaintiff's attempt to blame her lack of diligence on former counsel, Michael Deniro.  It has long been the rule that the acts and omissions of an attorney are attributable to the client.  See Link v. Wabash R. Co., 370 U.S. 626, 633 (1962) (affirming dismissal of action based on plaintiff's counsel's failure to appear at the pretrial conference).  In Link, the Supreme Court explained:

> Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent.  Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have "notice of all facts, notice of which can be charged upon the attorney."

Id. at 633-634 (citation omitted); accord Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 397 (1993) (parties are "held responsible for the acts and omissions of their chosen counsel"); Casey v. Alberston's, Inc., 362 F.3d 1254, 1260 (9th Cir. 2004) ("[a]s a general rule, parties are bound by the actions of their lawyers"); Latshaw v. Trainer Wortham & Co., 452 F.3d 1097, 1101-102 (9th Cir. 2006) ("A party will not be released from a poor litigation decision made because of inaccurate information or advice, even if provided by an attorney.").

Notably, Plaintiff tacitly admits that her Mr. Deniro was not diligent in pursuing discovery or designating a damages expert, but vaguely asserts that defense counsel "ran out the clock and gained a procedural advantage over Plaintiff's former counsel." Pl.'s Mot. at 4. That assertion, however, is both conclusory and unsupported. In fact, the record shows the contrary; namely, that Defendants acted in good faith and cooperated with Plaintiff's former counsel in providing discovery and scheduling the sixteen depositions of University employees. It was Plaintiff, not Defendants, who repeatedly delayed the depositions—and then after the depositions finally were scheduled—unilaterally cancelled them only days before they were to begin and only eleven days prior to the fact discovery cut off. While Mr. Deniro's acts and omission may give rise to a claim of malpractice, they do not constitute good cause for purposes of a request to modify the Court's pretrial scheduling order. See Matrix Motor Co., Inc. v. Toyota Jidosha Kabushiki Kaisha, 218 F.R.D. 667, 676-77 (C.D. Cal. 2003) (ruling that former attorney's negligence did not constitute good cause for continuance of discovery cut-off and trial dates); see also Latshaw, 452 F.3d at 1101 (noting that an attorney's errors are "more appropriately addressed through malpractice claims" and not a motion to vacate the judgment).

### III. CONCLUSION

The Court finds that Plaintiff has not comported herself diligently in prosecuting this action, and as such, has failed to demonstrate good cause for a modification to the Court's pretrial scheduling order. Accordingly,

IT IS HEREBY ORDERED THAT Plaintiff's Motion to Amend the Pretrial Scheduling Order and to Continue Trial Date and Associated Deadlines is DENIED. This Order terminates Docket 108 and 117.

IT IS SO ORDERED.

Dated: February 17, 2012

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge