1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

8
9
10
11
12
13

DALIA RASHDAN (MOHAMED),

          Plaintiff,

      vs.

MARC GEISSBERGER, et al.,

          Defendants.

Case No:  C 10-0634 SBA

**ORDER**

Dkt. 143, 150

14

15     Defendants have filed an ex parte application to have their motion for summary
16 judgment or partial summary judgment heard on shortened time, or on a date after the law
17 and motion cut-off date of April 3, 2012.  Plaintiff has not opposed Defendants' ex parte
18 application, but has indicated her intent to file an opposition to Defendants' summary
19 judgment motion.  In view of Plaintiff's non-opposition, the Court grants Defendants'
20 request and will permit their summary judgment motion to be heard on May 15, 2012.
21     Defendants have also filed a Motion for Entry of Order Granting Summary
22 Judgment (No Opposition Filed), which is based on Plaintiff's failure to file her response in
23 accordance with Civil Local Rule 7-3(a).  Dkt. 150.  Local Rule 7-3(a) specifies that
24 oppositions to noticed motions must be filed within fourteen days of the date the motion is
25 filed.  Since Defendants filed their motion on February 27, 2012, they argue that Plaintiff's
26 opposition should have been filed by March 12, 2012.  Dkt. 150.  Plaintiff counters that
27 under Federal Rule of Civil Procedure 6(d), she has three additional days beyond the
28 fourteen-day deadline to file her response, and that she will do so by March 15, 2012.  It is

1  questionable whether Rule 6(d) is applicable in this instance.[1]  Nonetheless, the Court is not

2  persuaded that adjudicating Defendants' motion as "unopposed" is appropriate.  Even if

3  Plaintiff's opposition were untimely, Defendants have not alleged or shown that they have

4  been prejudiced under the circumstances.   Accordingly,

5       IT IS HEREBY ORDERED THAT:

6       1.       Defendants' ex parte application to have their summary judgment motion set

7  for hearing on May 15, 2012 is GRANTED.  The Court, in its discretion, may resolve the

8  motion without oral argument.  Fed. R. Civ. P. 78(b); Civ. L.R. 7-1(b).  The parties are

9  advised to check the Court's website to determine whether a court appearance is required.

10      2.       Defendants' Motion for Entry of Order Granting Summary Judgment (No

11  Opposition Filed) is DENIED.

12      3.       Plaintiff shall file her opposition to Defendants' summary judgment motion

13  by no later than March 15, 2012.  Defendants shall file their reply by no later than March

14  22, 2012.  The Court will not consider any briefs filed outside of these deadlines.

15      4.       This Order terminates Docket 143 and 150.

16      IT IS SO ORDERED.

17  Dated:  March 14, 2012

_____
SAUNDRA BROWN ARMSTRONG

18  United States District Judge

19

20

21

22

23

---

24      [1] Rule 6(d) states:  "When a party may or must act within a specified time after
service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after

25  the period would otherwise expire under Rule 6(a)."  The deadline under the Local Rules to
file an opposition to a motion is triggered by the date a motion is "filed and served."  Civ.

26  L.R. 7-3(a).  In cases where papers are filed electronically through ECF, "motions are filed
and served simultaneously."  Id. comment foll. L.R. 7-3(a).  Since the deadline to file a

27  response to a motion is triggered by *the date of filing*, as opposed to the date of service
alone, it is questionable whether Rule 6(d) operates to extend the time period to file an

28  opposition.